IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE RAUL REYNA,                    §
TDCJ No. 2314587,                   §
                                    §
          Petitioner,               §
                                    §
V.                                  §          No. 3:21-cv-2984-B-BN
                                    §
DIRECTOR, TDCJ-CID,                 §
                                    §
          Respondent.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Raul Reyna, a Texas prisoner, filed a *pro se* application for a

writ of habeas corpus under 28 U.S.C. § 2254 on November 7, 2021, the date on which

he certifies that he placed the petition in the prison mailing system,[1] through which

he collaterally attacks his February 27, 2009 conviction for aggravated robbery with

a deadly weapon, a first-degree felony, in violation of Texas Penal Code § 29.03, which

resulted in a sentence of five years of imprisonment. *See State v. Reyna*, No. F08-

24048-NI (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Feb. 27, 2009); Dkt. No. 3 at 1.

This criminal judgment was affirmed on appeal, and the Texas Court of

Criminal Appeals (the CCA) ultimately denied Reyna's petition for discretionary

---

[1] *See* Dkt. No. 3 at 15; RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

review (PDR). *See Reyna v. State*, No. 05-09-00261-CR, 2010 WL 1242048 (Tex. App. – Dallas Feb. 26, 2010, pet ref'd); *Reyna v. State*, No. PD-0371-10 (Tex. Crim. App. Oct. 13, 2010); Dkt. No. 3 at 2-3.

More recently, but no sooner than June 1, 2020, the date that he signed it, Reyna filed a state habeas application concerning this judgment. *See Ex parte Reyna*, No. W08-24048-NI(A) (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex.). And the CCA denied this petition without written order on December 9, 2020. *See Ex parte Reyna*, No. WR-91,840-01 (Tex. Crim. App. Dec. 9, 2020); Dkt. No. 3 at 6-9.

This Section 2254 action followed. United States District Judge Jane J. Boyle referred the federal habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas applications with prejudice under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards and Analysis

I.    Habeas Rule 4

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out

frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Reyna's application with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original).

Under the circumstances here, these findings, conclusions, and recommendation provide Reyna fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his position as to limitations concerns explained below. *See, e.g.*, *Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

Habeas Rule 4 further allows the Court to consider whether Reyna is "in custody" under any state conviction and sentence related to his current collateral attack. Where a petitioner is not "in custody" under the conviction and sentence he seeks to collaterally attack, the Court possesses the authority under Habeas Rule 4 to summarily dismiss the habeas application for lack of subject matter jurisdiction. *See, e.g., Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

II.    <u>In Custody</u>

Beginning with the custodial requirement because it implicates the Court's jurisdiction over this case, a federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

The 2009 state criminal judgment Reyna attacks through the current Section 2254 petition resulted in a sentence of 5 years, which raises the plausible inference that, while he is now in custody under a separate criminal conviction, *see* Dkt. No. 3 at 13, the sentence imposed for the subject conviction completely expired prior to his filing the state habeas application in 2020. But, insofar as the Court may possess subject matter jurisdiction, the current federal petition should be summarily dismissed as time barred.

III.    <u>Limitations</u>

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or

other collateral review is pending is excluded from the limitations period. *See id.* §
2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a
discretionary doctrine that turns on the facts and circumstances of a particular case,"
*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and
exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir.
2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is
entitled to equitable tolling of a statute of limitations only if the litigant establishes
two elements: '(1) that he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way and prevented timely filing.'"
*Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting
*Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of
limitations must result from external factors beyond his control; delays of the
petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th
Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is
met only where the circumstances that caused a litigant's delay are both
extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S.
at 257.[2]

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016)
(per curiam) (holding that because "the FBI did not actually prevent Farmer or any
other Plaintiff from filing suit" but instead "advised Farmer that filing suit would
have been against the FBI's interest" and "that the RICO claims could be filed after
the investigation concluded," "[a]ny obstacle to suit was … the product of Farmer's

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

---

mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations

The timeliness of most Section 2254 applications – Reyna's is no exception –is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at \*1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Reyna did not petition the United States Supreme Court for certiorari review, the applicable state judgment became final under AEDPA on January 11, 2011 – 90 days after the CCA refused Reyna's PDR (on October 13, 2010). *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And, "[b]ecause [Reyna's] state habeas petition was not filed within the one-year period" that commenced on that date, "it did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Accordingly, under Section 2244(d)(1)(A), the Section 2254 application was filed more than 9 years too late. The application is therefore due to be dismissed as

---

omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

untimely under Habeas Rule 4 absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

But Reyna fails to explain how another provision of Section 2244(d)(1) could apply here, fails to advance a claim of tolling under the narrow actual innocence gateway, and fails to provide allegations that could establish either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented his timely filing of the federal petition. *See* Dkt. No. 3.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

### Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Jose Raul Reyna's 28 U.S.C. § 2254 habeas application with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE